# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: EVERGREEN SECURITY, LTD.
6:01-BK-00533-ABB

_____

PETER R. GINSBERG and PETER R.
GINSBERG, P.C.,

                  **Appellants,**

-vs-                                                      **Case No.  6:08-cv-46-Orl-GAP**

EVERGREEN SECURITY LTD.,

                  **Appellee.**

_____

## ORDER

       The law firm of Akerman Senterfitt served as counsel for the firm of Gray Robinson in the bankruptcy case that gave rise to this appeal, and several related appeals.  On January 23, 2008, I advised the parties that my wife was a partner in the Akerman firm and ordered them to advise me whether the firm's appearance in the proceedings below required my recusal.  (Doc. 22).

       The Appellant responds that Gray Robinson is not a party to these appeals and contends that recusal is not required under 28 U.S.C. § 455.  (Doc. 24).  In its response (Doc. 25), the Appellee does not address the Akerman Senterfitt issue or the standard for recusal under 28 U.S.C. § 455.  Instead, the Appellee requests that I recuse myself because the names of several former clients from my time in private practice – Jon M. Knight ("Knight"), J. Anthony Huggins ("Huggins"), and Atlantic Portfolio Analytics & Management ("APAM") – appear on the Certificate of Interested Persons (Doc. 20) in this case.  (Doc. 25 at 2).  As the Appellee notes,

Knight, Huggins and APAM were parties to another case – *Mataeka Ltd. et al. v. United States District Court*, case no. 6:06-cv-01210-JA-KRS – from which I recused myself, due to their presence.  The *Mataeka* case is also identified on the Appellee's Notice of Pendency of Other Actions (Doc. 19) as being related to the instant appeal.

Knight, Huggins, and APAM are not parties to this appeal or the underlying bankruptcy. The Appellant does not explain what interest, if any, they might have in the outcome of this case. On the record before me, I cannot find that their inclusion on the certificate of interested persons justifies my recusal from this matter.  Moreover, as neither party contends that my ties to Akerman Senterfitt require recusal, I will not do so at this time.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 5, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-2-