# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: EVERGREEN SECURITY, LTD.
6:01-BK-00533-ABB

_____

PETER R. GINSBERG and PETER R.
GINSBERG, P.C.,

                              **Appellants,**

                                         **Lead Case:**
-vs-                                   **Case No. 6:08-cv-46-Orl-22**
                                        **Consolidated cases:**
                                        **Case No. 6:06-cv-268-Orl-22**
EVERGREEN SECURITY LTD.,          **Case No. 6:06-cv-269-Orl-22**
                                        **Case No. 6:06-cv-270-Orl-22**
                        **Appellee.**       **Case No. 6:06-cv-271-Orl-22**
                                        **Case No. 6:06-cv-272-Orl-22**

_____

## ORDER

These consolidated bankruptcy appeals arise from the imposition of sanctions against Appellant Peter R. Ginsberg and his law firm, Peter R. Ginsberg, P.C. ("Ginsberg"), by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9011, 11 U.S.C. § 105, and the Bankruptcy Court's inherent authority. The Bankruptcy Court assessed sanctions against Ginsberg in the amount of $371,517.69 and barred him from practicing before the Middle District Bankruptcy Court for five years. The sanctions resulted from Ginsberg's filing of a motion seeking recusal of the Bankruptcy Judge, vacatur of all prior orders entered in a number of cases, and other relief ("Recusal Motion").[1]

_____

[1]Two attorneys from another law firm participated with Ginsberg in filing the Recusal Motion. However, this appeal does not concern the propriety of the sanctions assessed against those other attorneys and their firm.

There are actually six related bankruptcy appeals pending before the undersigned judge. These appeals seek review of a January 2, 2008, Order (Bankr. Doc. No. 1738) sanctioning Ginsberg (the "Sanctions Order") (Dist. Ct. Case No. 08-cv-271)[2]; a November 16, 2007, Order (Bankr. Doc. No. 1726) sanctioning the two other attorneys and their law firm[3] (Dist. Ct. Case No. 08-cv-46); a January 2, 2008, Order (Bankr. Doc. No. 1736) denying Ginsberg's motion requesting that the Bankruptcy Court make certain disclosures on the record (Dist. Ct. Case No. 08-cv-269); a January 2, 2008, Order (Bankr. Doc. No. 1737) denying Ginsberg's motion requesting that Appellee Evergreen Security, Ltd.'s ("Evergreen") sanctions motion be referred to another judge (Dist. Ct. Case No. 08-cv-270); a January 2, 2008, Order (Bankr. Doc. No. 1736) denying Ginsberg's motion to preserve the court reporter's backup tapes from the sanctions hearing (Dist. Ct. Case No. 08-cv-268); and a January 2, 2008, Order (Bankr. Doc. No. 1739) regarding sanctions assessed pursuant to 28 U.S.C. § 1927 (Dist Ct. Case No. 08-cv-272).[4]   All of those appeals have been consolidated and Case No. 08-cv-46 is the lead case.

---

[2]References to "Dist. Ct. Case No. 6:08-cv-___" identify the case numbers assigned to the bankruptcy appeals filed in this Court.

[3]Ginsberg challenges this order only insofar as it contains findings that are relevant to the imposition of sanctions against him.

[4]In the January 2, 2008, order regarding § 1927 sanctions, the Bankruptcy Court stated that it incorporated the findings and conclusions of the separate Sanctions Order and that it would "not transmit a separate proposed findings of fact and conclusions of law to the District Court relating to the Section 1927 Motion unless the [Sanctions] Order is appealed or a party, by written motion, requests the Court make such transmission." (Bankr. Doc. No. 1739 at 3.)  Since that time, the Bankruptcy Court has transmitted proposed findings and conclusions to the District Court regarding § 1927 sanctions.  That circumstance moots the appeal of this particular order.  This Court will separately address § 1927 sanctions herein.

This Court reviews the Bankruptcy Court's "factual findings for clear error, and its legal conclusions *de novo.*" *In re Mroz,* 65 F.3d 1567, 1571 (11th Cir. 1995). "When reviewing the imposition of sanctions, the primary question before [the reviewing court] is whether the sanctioning court abused its discretion." *Id.*

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Authorities applying Fed. R. Civ. P. 11 are useful in interpreting Bankruptcy Rule 9011. *See Mroz,* 65 F.3d at 1572. Sanctions are appropriate under Rule 11 "(1) when a party files a

pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir. 2003) (quoting *Massengale v. Ray,* 267 F.3d 1298, 1301 (11th Cir. 2001)).

Title 11, United States Code, Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

A bankruptcy court has the inherent power to impose sanctions upon a finding of bad faith. *Mroz,* 65 F.3d at 1574-75.

Upon carefully considering the parties' briefs, the record on appeal, and counsel's presentations at oral argument, the Court determines that Ginsberg has failed to demonstrate reversible error as to any of the challenged orders.

The Bankruptcy Court's findings in connection with the sanctions award - including that the recusal motion lacked an adequate legal and factual foundation, that Ginsberg did not conduct a reasonable pre-filing inquiry, that Ginsberg acted in bad faith when he filed the recusal motion, that Ginsberg filed the motion for purposes of delay, and that the claimed attorneys' fees and expenses were reasonable - are amply supported by the record.

Ginsberg argues that he was justified in filing the recusal motion because he had received information that a judicial ethics complaint had been filed against the Bankruptcy

Judge based on alleged ex parte contacts (in a totally unrelated case) with attorney Scott Shuker, who was also Ginsberg's opposing counsel in the present bankruptcy case.  This Court accepts the proposition that Ginsberg did have some evidence that a judicial misconduct complaint had been filed.  However, the mere filing of an ethics complaint was a plainly frivolous basis upon which to ground a recusal motion. Further, Ginsberg did not base his recusal motion solely on the ethics complaint allegation.  Rather, he repeatedly asserted that the Bankruptcy Judge was the subject of an ongoing investigation as a result of that misconduct complaint, and he had no evidence at all to support that claim.  Additionally, Ginsberg alleged that the Bankruptcy Judge engaged in ex parte communications in the present bankruptcy case, and those allegations lacked factual support as well.  In sum, the Bankruptcy Court did not abuse its discretion in imposing the challenged sanctions.[5]

Ginsberg also argues that Evergreen violated Rule 9011's twenty-one-day "safe harbor" provision.  Apparently, Evergreen filed the Sanctions Motion twenty-two days after it was served but before expiration of the additional three-day period for mailing.   It is noteworthy that at least one federal court of appeals has held that "the 21-day safe harbor provision of Rule 11 is not jurisdictional and may be waived." *Rector v. Approved Fed. Sav. Bank,* 265 F.3d 248, 253 (4th Cir. 2001) (footnote omitted).  Further, in *Giganti v. Gen-X Strategies, Inc.,* 222 F.R.D. 299 (E.D. Va. 2004), the district court held that a party waived the safe-harbor provision by taking no steps to withdraw the offending claims during the first twenty days of the time period and, on the twenty-first day, "appear[ing] by counsel at [a] hearing on [a] motion to dismiss .

---

[5]In light of these rulings, the Court need not reach Evergreen's issue preclusion arguments.

. . and argu[ing] vigorously in opposition to the motion." 222 F.R.D. at 306-07 (alterations

added). Under those circumstances, the district court reached the "inescapable" conclusion that

> Plaintiffs never had any intention of withdrawing any of the
> challenged claims, nor of availing themselves of the protection
> of the safe harbor provision. Put differently, by choosing to
> remain steadfast in their support of the offending claims during
> the hearing on the motion to dismiss, even in the face of
> defendants' cited authorities and the Court's suggestion that
> [certain] claims might well violate Rule 11, plaintiffs, by
> counsel, knowingly waived the benefit of the twenty-one day
> period and knowingly waived any right to complain about loss
> of no more than approximately five hours of the twenty-one day
> period.

*Id.* at 307 (footnotes omitted).

Evergreen makes a similar argument here. In that regard, Evergreen states:

> Ginsberg was provided at least twenty days to withdraw or
> correct the Recusal Motion, and he could have done so at any
> time, twenty-four hours a day, seven days a week, through the
> bankruptcy court's CM/ECF electronic filing procedures.
> Ginsberg was not prejudiced by the October 10, 2006, filing,
> because his actions demonstrate he had no intention of
> withdrawing or correcting the Recusal Motion. Specifically, on
> October 10, 2006, Ginsberg did file an Objection to Evergreen's
> Motion to Exclude [the Bankruptcy Judge] as a Witness, and on
> October 11, 2006, he argued strenuously against excluding [the
> Bankruptcy Judge] as a [w]itness. At no time did Ginsberg raise
> any issues related to the Sanctions Motion or request an
> opportunity to withdraw or correct the Recusal Motion.
> Ginsberg did file nineteen substantive pleadings and made
> eleven appearances in the Evergreen Bankruptcy related to the
> Recusal Motion, instituted and litigated an appeal of the Order
> Granting Motion to Exclude [the Bankruptcy Judge] as a
> Witness, and file[d] and litigated three petitions for writs of
> mandamus in the District Court.

(Evergreen Ans. Br. at 26-27.)

Evergreen advances a compelling case for waiver.  Fortunately, however, this Court need not decide the question of whether the safe-harbor provision may be waived and, if so, whether Ginsberg waived its protections.  For, even if Evergreen's apparent violation of the procedural provisions of Rule 9011 was not excused, this does not affect the Bankruptcy Court's imposition of sanctions under 11 U.S.C. § 105 and pursuant to that Court's inherent authority.  Hence, the sanctions award is due to be affirmed on those independent grounds.

Ginsberg's remaining arguments are similarly meritless.  The Bankruptcy Court had no obligation to disclose the existence of the ethics complaint (assuming one was filed) because the filing of the complaint was not something that would cause any reasonable person to question the Bankruptcy Judge's impartiality.  Further, the suggestion that the Bankruptcy Judge should have referred the recusal motion to another judge is equally baseless.  *See In re Corrugated Container Antitrust Litig.,* 614 F.2d 958, 963 n.9 (5th Cir. 1980) (indicating that it is entirely proper for the judge presiding over the case in which a recusal motion is filed to decide the motion).[6]  Finally, Ginsberg has not demonstrated any legal basis requiring the Bankruptcy Judge to order the court reporter at the sanctions hearing to preserve the reporter's audio tapes.

Based on the foregoing, it is ORDERED as follows:

1.  The following orders of the Bankruptcy Court are AFFIRMED:

---

[6]While some of the Bankruptcy Judge's remarks at the sanctions hearing were immoderate, they were not sufficiently egregious to "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555 (1994).

a. The January 2, 2008 Order (Bankr. Doc. No. 1738) awarding sanctions against Appellants (Dist. Ct. Case No. 08-cv-271);

b. The November 16, 2007 Order (Bankr. Doc. No. 1726) sanctioning the two other attorneys and their law firm (insofar as the findings in that Order affect the sanctions imposed against Appellants) (Dist. Ct. Case No. 08-cv-46);

c. The January 2, 2008, Order (Bankr. Doc. No. 1736) denying Appellant's motion requesting that the Bankruptcy Court make certain disclosures on the record (Dist. Ct. Case No. 08-cv-269);

d. The January 2, 2008, Order (Bankr. Doc. No. 1737) denying Appellant's motion requesting that the opposing party's sanctions motion be referred to another judge (Dist. Ct. Case No. 08-cv-270); and

e. The January 2, 2008, Order (Bankr. Doc. No. 1736) denying Appellant's motion to preserve the court reporter's backup tapes from the sanctions hearing (Dist. Ct. Case No. 08-cv-268).

2. The appeal of the Bankruptcy Court's January 2, 2008, Order (Bankr. Doc. No. 1739) regarding sanctions imposed pursuant to 28 U.S.C. § 1927 (Dist Ct. Case No. 08-cv-272) is MOOT.

3. Regarding Evergreen's request for sanctions pursuant to 28 U.S.C. § 1927:

a. The Bankruptcy Court's Proposed Findings and Conclusions Pursuant to 28 U.S.C. § 1927 and 157(c)(1) (Bankr. Doc. No. 1784) are APPROVED AND ADOPTED.[7]  Section 1927 constitutes additional authority for the imposition of sanctions against Appellant.

---

[7]This adoption is subject to one exception: this Court believes Ginsberg did have information that a judicial misconduct complaint had been filed against the Bankruptcy Judge. However, as previously stated, that filing alone was a patently insufficient basis upon which to base the Recusal Motion, and Ginsberg had no factual support whatsoever for his more serious allegations that the Bankruptcy Judge was the subject of an ongoing ethics investigation and that he engaged in inappropriate ex parte contacts in the Evergreen case.

b.  Evergreen's Motion for Fees and Costs Pursuant to 28 U.S.C.
§ 1927 (Bankr. Doc. No. 1624), filed on January 25, 2007, is
GRANTED.

4.  The Clerk shall enter a final judgment containing the language set forth in paragraphs

1, 2 and 3 of this Order.  The judgment shall further provide that the Appellee shall recover its

costs of appeal.

5.  The Clerk shall close all of the consolidated cases.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 17, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Bankruptcy Judge
Clerk's Office, Bankruptcy Court (Orlando)